IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| HEATHER GONZALEZ,<br>  Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 4:20cv27 (RCY) |
| SEAWORLD PARKS &<br>ENTERTAINMENT LLC d/b/a<br>BUSCH GARDENS WILLIAMSBURG,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Bifurcate Liability and Damages (ECF No. 36). The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion.

## I. FACTUAL HISTORY

Heather Gonzalez ("Plaintiff") was a guest at an amusement park operated by Defendant SeaWorld Parks & Entertainment LLC ("Defendant") on or about May 6, 2018. (Am. Compl., ECF No. 58 ¶ 3.) Plaintiff alleges that she rode a ride known as "The Trade Wind," and her left foot was injured while she was on the ride. (*Id.* ¶ 6; ECF No. 50, Mem. Opp'n. at 1.) Plaintiff seeks $7,500,000.00 in damages. (Am. Compl. ¶ 7.)

## II. PROCEDURAL HISTORY

This action was filed in the Circuit Court for Williamsburg – James City County on January 23, 2020. (ECF No. 1-1.) Defendant removed the action on February 20, 2020. (ECF No. 1.) The action was originally assigned to Senior United States District Judge Rebecca Beach Smith. Defendant filed its Answer on February 26, 2020. (ECF No. 5.) The case was reassigned to the

1

undersigned on October 19, 2020.  Defendant filed the instant Motion to Bifurcate Liability and Damages on October 28, 2020, and the Motion became ripe on November 16, 2020.  (ECF Nos. 36, 59.)  Plaintiff filed an Amended Complaint on November 16, 2020.  (ECF No. 58.)  This action is set for a jury trial to begin on September 13, 2021.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, or third-party claims."  "[T]he granting of separate trials is within the sound discretion of the trial judge."  *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953).

When the issue of liability is fairly straightforward, but the issue of damages is more complex, bifurcation of liability and damages is appropriate.  *Epps v. Arise Scaffolding & Equip., Inc.*, No. 2:10CV189, 2011 WL 1566004, at *12 (E.D. Va. Feb. 17, 2011), *report and recommendation adopted*, No. 2:10CV189, 2011 WL 1566001 (E.D. Va. Apr. 22, 2011).  Bifurcation is also appropriate when calculating damages requires considerations of legal and factual issues that are not relevant to the determination of liability.  *Cherdak v. Stride Rite Corp.*, 396 F. Supp. 2d 602, 604 (D. Md. 2005).  However, "[i]n civil cases, bifurcation is the exception, not the rule."  *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, Civ. No. JKB-17-00252, 2019 WL 2360929, at *3 (D. Md. June 4, 2019) (citing *Cherdak*, 396 F. Supp. 2d at 604).  "The burden of proving that bifurcation is warranted rests with the moving party."  *Id.* (quoting *Morgan v. Prince George's Cty.*, Civ. No. AW-09-1584, 2010 WL 64405, at *2 (D. Md. Jan. 5, 2010)).  "[B]ifurcation may be appropriate where . . . the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party."  *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (internal citations omitted).

## IV. DISCUSSION

There are two issues to be resolved in this action: (1) whether Defendant is liable for Plaintiff's injuries; and (2) if Defendant is liable, what damages should be awarded to Plaintiff. The first issue centers on The Trade Wind ride, its potential hazards, whether Plaintiff followed the instructions of the ride operators, whether Plaintiff suffered harm, and whether the ride caused the harm. The second issue, however, revolves around the extent of Plaintiff's injuries and will involve the presentation of medical evidence and possible testimony by as many as a dozen medical experts. (Mem. Supp., ECF No. 37 at 4.) The two issues are distinct.

It is more convenient and economical for the Court to bifurcate this action. If the jury finds that the Defendant is not liable for Plaintiff's injuries, the second portion of the action will be unnecessary. Furthermore, medical testimony regarding the treatment, cost, and prognosis of Plaintiff's injuries is most likely irrelevant to whether Defendant is liable for the injuries. Therefore, the Court will bifurcate the liability and damages portions of the trial. If the jury finds the Defendant liable for Plaintiff's injuries, the damages portion of the trial will be tried to the same jury immediately after the jury reaches its verdict on liability.

## V. CONCLUSION

For the reasons detailed above, Defendant's Motion to Bifurcate Liability and Damages (ECF No. 36) will be granted.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: July 27, 2021