IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| HEATHER GONZALEZ,<br>    Plaintiff,<br><br>        v.<br><br>SEAWORLD PARKS &<br>ENTERTAINMENT LLC d/b/a<br>BUSCH GARDENS WILLIAMSBURG,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:20cv27 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion *in Limine* to Exclude Internal Company Policies and Related Evidence (ECF No. 38). The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny the Motion.

**I. FACTUAL HISTORY**

Heather Gonzalez ("Plaintiff") was a guest at an amusement park operated by Defendant SeaWorld Parks & Entertainment LLC ("Defendant") on or about May 6, 2018. (Am. Compl., ECF No. 58 ¶ 3.) Plaintiff alleges that she rode a ride known as "The Trade Wind," and her left foot was injured while she was on the ride. (*Id.* ¶ 6; Mem. Opp'n., ECF No. 56 at 1.) Plaintiff seeks $7,500,000.00 in damages. (Am. Compl. ¶ 7.)

**II. PROCEDURAL HISTORY**

This action was filed in the Circuit Court for Williamsburg – James City County on January 23, 2020. (ECF No. 1-1.) Defendant removed the action on February 20, 2020. (ECF No. 1.) The action was originally assigned to Senior United States District Judge Rebecca Beach Smith.

Defendant filed its Answer on February 26, 2020. (ECF No. 5.) The case was reassigned to the undersigned on October 19, 2020. Defendant filed the instant Motion *in Limine* to Exclude Internal Company Policies and Related Evidence on October 29, 2020, and the Motion became ripe on November 13, 2020. (ECF Nos. 38, 57.) Plaintiff filed an Amended Complaint on November 16, 2020. (ECF No. 58.) This action is set for a jury trial to begin on September 13, 2021.

### III. LEGAL STANDARD

"A motion in limine is a pretrial motion which requests that the court exclude inadmissible or prejudicial evidence before it is actually offered at trial." *Tompkins v. Eckerd*, No. 8:09-02369-JMC, 2012 WL 1110069, at *2 (D.S.C. Apr. 3, 2012) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015) (citing *United States v. Verges*, No. 1:13cr222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Ent. Co.*, 628 F. App'x 767 (Fed. Cir. 2016). "[A] motion in limine 'should be granted only when the evidence is clearly inadmissible on all potential grounds.'" *Id.* (quoting *Verges*, 2014 WL 559573, at *3).

Evidence is admissible if it is "[r]elevent," except as otherwise prohibited by the Constitution, federal statute, or the Federal Rules of Evidence. Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid 401.

### IV. DISCUSSION

Defendant asks the Court to exclude "Standard Operating Procedures manual for the Trade Wind Ride, stamped nos. 00006-00040, produced by the defendants in discovery" and "Standard

Operating Procedures manual for Festa Italia Rides, stamped nos. 00047-00102, produced by the defendants in discovery" (collectively referred to herein as the "SOPs"). (Mem. Supp., ECF No. 39 at 2.) Defendant argues that "[t]he only possible use for the SOPs in this case would be to set a standard of care for the employee(s) or SeaWorld." (*Id.* at 4.) Defendant argues that this would be improper because "[a] person cannot, by the adoption of private rules, fix the standard of his duties to others . . . . [W]hether a given course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party." (*Id.* at 2-3 (quoting *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 110 (4th Cir. 1995) (quoting *Va. Ry. & Power Co. v. Godsey*, 83 S.E. 1072, 1073 (Va. 1915))).) Defendant contends that because the "only possible use for the SOPs" is improper, the SOPs should be excluded. (*Id.* at 4.)

Plaintiff, on the other hand, argues that a motion in limine regarding the SOPs is "premature." (Mem. Opp'n. at 3.) Plaintiff contends that the SOPs have other uses, such as "provid[ing] facts and specifications about the Trade Wind ride, provid[ing] information regarding how the ride operates, and address[ing] information to be given to patrons riding the ride." (*Id.*) Plaintiff claims that the manuals also provide "facts regarding the structure of the ride, information regarding how the ride functions, and expectations for patrons of the ride." (*Id.*) Because there are potential other uses for the SOPs beyond setting a standard of care for the employees or for SeaWorld, Plaintiff argues that this Motion should be denied.

The Court agrees that Defendant's motion in limine is premature because of the other potential uses of the SOPs. Because the SOPs are not "clearly inadmissible on all potential grounds," the Court will deny the motion in limine. *Microsoft Corp.*, 2015 WL 1518099, at *9; *see* Fed. R. Evid. 401. Challenges to the admissibility of the SOPs may be raised through objections at trial. *Microsoft Corp.*, 2015 WL 1518099, at *9.

## V. CONCLUSION

For the reasons detailed above, Defendant's Motion *in Limine* to Exclude Internal Company Policies and Related Evidence will be denied.

An appropriate Order shall issue.

/s/ Roderick C. Young
United States District Judge

Richmond, Virginia
Date: July 28, 2021