IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| HEATHER GONZALEZ, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>SEAWORLD PARKS & )<br>ENTERTAINMENT LLC d/b/a )<br>BUSCH GARDENS WILLIAMSBURG, )<br>    Defendant. )<br>_____) | Civil Action No. 4:20cv27 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Exclude Dr. Wardell's Proposed Testimony ("Motion to Exclude") (ECF No. 80). The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion to Exclude (ECF No. 80).

**I. FACTUAL HISTORY**

Heather Gonzalez ("Plaintiff") was a guest at an amusement park operated by Defendant SeaWorld Parks & Entertainment LLC ("Defendant") on or about May 6, 2018. (Am. Compl. ¶ 3, ECF No. 58.) Plaintiff alleges that when she tried to disembark from a ride known as "The Trade Wind," her left foot and ankle were pinched between the ride's lap bar and the floor of the ride. (*Id.* ¶ 6; Mem. Supp. at 1, ECF No. 81.)

Plaintiff was treated by medics at the amusement park on the day of the injury. (Mem. Opp'n at 1, ECF No. 82.) In the weeks following the incident, she was treated by two emergency care centers. (*Id.*) On June 5, 2019, Plaintiff began treatment with Dr. Wardell. (*Id.*) She saw Dr. Wardell eight times between June 2019 and December 2020. (*Id.*) Dr. Wardell diagnosed Plaintiff

1

with a "non-displaced calcaneal fracture, post-traumatic subtalar arthritis, left sural neuritis, and a calcaneal crush injury and recommended that she undergo a subtalar fusion surgery. (*Id.* at 2.)

On October 14, 2020, Plaintiff began treatment with Dr. Caines and has since continued treatment with Dr. Caines. (*Id.*) Initially, Dr. Caines diagnosed her with "tendinitis of the left peroneus brevis tendon" and recommended surgery. (Mem. Supp. Ex. A at 7, ECF No. 81-1.) On March 3, 2021, Dr. Caines took an ultrasound of Plaintiff's ankle. (*Id.*) He maintained his diagnosis, but he no longer recommended surgery. (*Id.*)

On June 17, 2021, Plaintiff provided her Fourth Supplemental 26(a)(2)(B) Expert Disclosures ("Expert Disclosures") to Defendant. (*Id.* at 11.) In the Expert Disclosures, Plaintiff stated that Dr. Wardell is expected to testify about "all of his treatment and that of other health care providers" and "future medical care." (*Id.* at 6.) As part of his testimony on future medical care, Dr. Wardell is expected to discuss Plaintiff's need for subtalar fusion surgery. (*Id.*) According to the Expert Disclosures, Dr. Caines is expected to testify about "all of his treatment and that of other health care providers." (*Id.* at 8.) Dr. Caines is also expected to testify that "[P]laintiff will continue to experience pain and numbness in her left ankle and foot, which will require pain management, neurogenic/pain topical cream, and a home exercise program for peroneal strengthening." (*Id.*)

## II. PROCEDURAL HISTORY

This action was filed in the Circuit Court for Williamsburg – James City County on January 23, 2020. (ECF No. 1-1.) Defendant removed the action on February 20, 2020. (ECF No. 1.) The action was assigned to Senior United States District Judge Rebecca Beach Smith. Defendant filed its Answer on February 26, 2020. (ECF No. 5.) The case was reassigned to the undersigned on October 19, 2020. On November 16, 2020, Plaintiff filed an Amended Complaint. (ECF No.

58.) Defendant filed the instant Motion to Exclude on July 2, 2021. (ECF No. 80). This action is set for a jury trial to begin on March 28, 2022.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16 provides that at a pretrial conference, the court may take appropriate action to "avoid[] unnecessary proof and cumulative evidence, and limit[] the use of testimony under Federal Rule of Evidence 702." Fed. R. Civ. P. 16. The notes accompanying Rule 16 make it clear that the court can limit otherwise admissible expert testimony to address pragmatic concerns. *See* Fed. R. Civ. P. 16 advisory committee notes to 1993 amendment.

Additionally, the district court functions as a gatekeeper, determining whether to include or exclude expert testimony. *See Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 597 (1993); *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017). The Court must ensure that an "expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. An expert opinion must be based on knowledge, as opposed to belief or speculation. *Oglesby v. GMC*, 190 F.3d 244, 250 (4th Cir. 1999). "[T]he court's evaluation is always a flexible one, and the court's conclusions necessarily amount to an exercise of broad discretion guided by the overarching criteria of relevance and reliability. *Id.*

### IV. DISCUSSION

Defendant argues that Dr. Wardell's testimony regarding the future need for surgery should be excluded. Defendant contends that Dr. Wardell's opinion is based on outdated information as Plaintiff ceased treatment with Dr. Wardell, opting instead to pursue treatment from Dr. Caines. (Mem. Supp. at 4.) As a result, Dr. Wardell's opinion is not reliable, as subsequent treatment under Dr. Caines has produced new information and data that does not appear to have been reviewed by Dr. Wardell. (*Id.*) Further, this makes his opinion on future medical treatment

speculative. (*Id.* at 6.) Defendant also argues that Dr. Wardell's and Dr. Caines' testimony are on the same topic, thus violating the Scheduling Order which limits parties to one expert per topic. (*Id.* at 3.)

Plaintiff argues that Dr. Wardell's opinions are based on his treatment and examination of Plaintiff and are thus based on reliable principles and methodology. (Mem. Opp'n at 5.) Further, Plaintiff contends that the diagnostic testing and imaging studies performed by Dr. Caines do not show a change in Plaintiff's physical condition. (*Id.* at 6.) The issues raised by Defendant should be addressed on cross-examination, not by excluding Dr. Wardell's testimony. (*Id.* at 7.) Plaintiff does not address whether Dr. Wardell and Dr. Caines will be testifying on different topics.

The Scheduling Order clearly states that the parties are limited to "one expert per topic." (ECF No. 47.) Under Federal Rule of Civil Procedure 16, the court may take appropriate action to "avoid[] unnecessary proof and cumulative evidence, and limit[] the use of testimony under Federal Rule of Evidence 702." Fed. R. Civ. P. 16. The Court clearly has the authority to limit the number of experts on a topic and to exclude the testimony of any expert that is testifying on the same topic as another one of the party's experts. *See Blair v. Eagle-Picher Indus., Inc.*, 962 F.2d 1492, 1501 (10th Cir. 1992) (finding that there was no abuse of discretion when the trial court limited the number of experts); *Aetna Casualty & Surety Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983) ("It is well within the discretion of a district court to limit the number of expert witnesses who testify at trial"); *Prudential Ins. Co. of Am. v. Allred*, No. C11-5299, 2013 U.S. Dist. LEXIS 29186, at *1-2 (W.D. Wash. Mar. 4, 2013) (allowing the defendant to substitute one expert for another as that would not violate the limit of one expert per topic); *United States v. Lacey*, No. 18-422, 2020 WL 6290489, at *11 (D. Ariz. Oct. 27, 2020) (allowing one expert to testify and excluding two other experts, as their testimony would be on the same topic).

Dr. Wardell and Dr. Caines are expected to testify on the same topic. The Expert Disclosures state that Dr. Wardell is expected to testify that:

> the plaintiff's injuries to her left ankle and foot are permanent. He will testify that the plaintiff will continue to experience pain and numbness . . . which will require future medical care at an estimated cost of $500.00 - $1,000 per year . . .. [He] will testify that the plaintiff requires a subtalar fusion surgery. He estimates the cost for the surgery and associated fees at $24,500.

(Mem. Supp. Ex. A at 6.) Dr. Caines is expected to testify that "the plaintiff will continue to experience pain and numbness in her left ankle and foot, which will require pain management, neurogenic/pain topical cream, and a home exercise program for peroneal strengthening." (*Id.* at 8.) Essentially, both experts are expected to testify about the Plaintiff's future medical needs to assist the factfinder in determining damages. Plaintiff did not provide any explanation as to how the experts' topics differ, and, upon its review, the Court sees no difference.

Further, the Court is wary of the reliability of Dr. Wardell's testimony. From October 2020 until December 2020, Plaintiff was being treated by both Dr. Wardell and Dr. Caines. (Mem. Opp'n at 1.) Dr. Wardell last treated Plaintiff on December 11, 2020, and since that time her primary physician, for the purposes of this action, has been Dr. Caines. (*Id.* at 1-3.) She explicitly opted not to pursue surgery with Dr. Wardell for financial reasons. (*Id.* at 2.) Dr. Caines originally recommended surgery, but he has since changed his recommendation from surgery to pain management. (Mem. Supp. Ex. A at 6.) Without argument to the contrary, it appears that Plaintiff had two doctors and voluntarily chose to continue treatment with one and not the other. Considering that Plaintiff changed physicians and that her current physician considered surgery but opted against recommending it, the Court finds that testimony claiming that Plaintiff will need surgery in the future is speculative.

Therefore, the Court will grant Defendant's Motion to Exclude, and Dr. Wardell will not be permitted to testify.

## V. CONCLUSION

For the reasons detailed above, the Court will grant the Motion to Exclude Dr. Wardell's Proposed Testimony (ECF No. 80).

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: January 27, 2022